IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CASTLEBERRY, | FILED | CIVIL ACTION |
| Plaintiff | JUN 3 0 2017 | |
| vs. | KATE BARKMAN, Clerk<br>By_____Dep. Clerk | |
| CITY OF PHILADELPHIA, et al.<br>Defendants | : <br>: | No. 2:16-CV-05473 |

## AMENDED COMPLAINT

Plaintiff, David Castleberry, by and through his attorney, Michael I. McDermott, Esquire, alleges:

### Statute of Limitations

Plaintiff brings this action as a result of an incident that occurred On July 30, 2014 at approximately 11:50 p.m. The statute of limitations is two years. See 42 Pa. C.S.A. section 5524.

Plaintiff initiated this action on July 28, 2016 by filing a Praecipe for Writ of Summons in the Philadelphia Court of Common Pleas, Docket No.: 160703194. A true and correct Copy of the Praecipe for Writ of Summons is attached hereto as Exhibit "A".

### Introduction
1. This action is brought pursuant to 42 U.S.C.A. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Parties
2. Plaintiff, David Castleberry, is now, and at all times mentioned in this complaint was, a resident of the City and County of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia-Law Department, is now, and at all times mentioned in this complaint was, a municipal corporation existing by virtue of the laws of the Commonwealth of Pennsylvania and located in the City and County of Philadelphia.

4. Defendant, Alex J. Kovach, Badge #: 634, is now, and at all times mentioned in this complaint was, a duly appointed and acting police officer of defendant, City of Philadelphia-Law Department.

5. Defendant, Wimsey, Badge #: 5332, is now, and at all times mentioned in this complaint was, a duly appointed and acting police officer of defendant, City of Philadelphia-Law Department.

## Jurisdiction and Venue

6. This action is brought pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 and the Fourth and 14th Amendments to the United States Constitution. Plaintiff also invokes this court's supplemental jurisdiction to assert the state law claims of assault and battery and to assert claims under Article 1 Section 8 of the Commonwealth of Pennsylvania Constitution and the state law claims of false arrest, false imprisonment and malicious prosecution.

7. This court has jurisdiction pursuant to 28 U.S.C.A. § 1331 and 42 U.S.C.A. § 1343, since these claims arise under the Constitution and laws of the United States and since Defendants acted under color of state law.

## Plaintiff's Allegations

8. Plaintiff was 51 years old at the time of the brutality alleged below. Plaintiff currently resides at 2429 West Toronto Street, Philadelphia, PA 19132.

9. On July 30, 2014 at approximately 11:50 p.m. in the area of 500 North 4th Street in the City and County of Philadelphia, plaintiff was arrested by defendant Police Officers Kovach and Wimsey who allege that the plaintiff was attempting to break into a car.

10. Defendant Police Officers Kovach and Wimsey alleged that they observed the plaintiff cut the plastic window of a Jeep and remove a denim jacket. The police officers approached the plaintiff on foot with their police badges displayed. The plaintiff started to run, but only got about three steps before he was detained. The police claim to have recovered from the plaintiff some tools including, a pair of pliers, a razor knife and a screw driver.

11. On July 31, 2014 at approximately 12:51 a.m., the plaintiff was admitted to Hahnemann University Hospital. The plaintiff was escorted by police and claimed that the police kneed him in the ribs repeatedly. X-rays of the plaintiff's chest and ribs revealed that plaintiff's

left ribs 6 through 9 were fractured and that plaintiff had possible fractures of his right ribs 9, 10 and 11.

12. Plaintiff claimed he was urinating when became aware of the police and knelt down on the ground as ordered when the police repeatedly kneed him in the chest area. Plaintiff maintained his innocence as to having anything to do with the jeep and was found not guilty following trial on February 12, 2015.plaintiff was detained and held in custody from the date of his arrest until the date of his trial.

### Count I. 42 U.S.C.A. § 1983; Excessive Force

13. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

14. As described in the preceding paragraphs, the conduct of defendant, police officers toward plaintiff constituted excessive force in violation of the United States Constitution.

15. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

16. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

17. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Philadelphia Police Department in that:

(a) As a matter of both policy and practice, the defendant City of Philadelphia Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

(b) As a matter of both policy and practice, the City of Philadelphia Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading City of Philadelphia Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting plaintiff; specifically, City of Philadelphia Police Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

(b) Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Philadelphia Police Department abuse citizens in a manner

similar to that alleged by plaintiff in this Count on a frequent basis, yet the City of Philadelphia Police Department makes findings of wrongdoing in a disproportionately small number of cases;

(c) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the City of Philadelphia Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

(d) Defendant City of Philadelphia-Law Department has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

(e) As a matter of express policy, Defendant City of Philadelphia-Law Department does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing Defendant City of Philadelphia-Law Department from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

(f) As a matter of express policy, Defendant City of Philadelphia- Law Department refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards ("O.P.S.") is forbidden by Defendant City of Philadelphia Law Department from considering those allegations if they are deemed un-sustained; and

(g) The problem with the policy identified in the preceding paragraph is that by its own accounting, Defendant City of Philadelphia Law Department sustains less than 5% of the complaints brought against police officers for violations of civil rights.

18. As a result of the unjustified and excessive use of force by defendants, Police Officers Kovach and Wimsey as well as defendant, City of Philadelphia Law Department 's policy and practice, plaintiff has suffered pain and injury, as well as emotional distress. In addition, plaintiff has suffered financial losses stemming from plaintiff's medical bills related to this incident.

19. The misconduct described in this Count was undertaken by defendants, Police Officers Kovach and Wimsey within the scope of their employment and under color of law such that their employer, Defendant City of Philadelphia Law Department, is liable for their actions.

**COUNT II. — State Law Claim of Battery**

20. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

21. As described more fully in the preceding paragraphs, the actions of defendants, Police Officers Kovach and Wimsey constituted offensive physical contact with Plaintiff.

22. As a result of the actions of Defendants Police Officers Kovach and Wimsey, plaintiff sustained physical and emotional injuries. In addition, plaintiff financial losses stemming from plaintiff's medical bills related to this incident.

23. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

24. The misconduct described in this Count was undertaken by defendant, Police Officers Kovach and Wimsey within the scope of their employment such that their employer, defendant City of Philadelphia-Law Department, is liable for their actions.

### COUNT III. — State Law Claim of Assault

25. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

26. As described more fully in the preceding paragraphs, the actions of Defendants Police Officers Kovach and Wimsey created a reasonable apprehension of imminent harm in Plaintiff.

27.. As a result of the actions of defendants, Police Officers Kovach and Wimsey, Plaintiff sustained physical and emotional injuries. In addition, plaintiff suffered financial losses stemming from plaintiff's medical bills related to this incident.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

29. The misconduct described in this Count was undertaken by defendants, Police Officers Kovach and Wimsey within the scope of their employment such that their employer, defendant, City of Philadelphia Law Department, is liable for their actions.

### COUNT IV--- Violation of Civil Rights / False Imprisonment

30. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

31. Defendants, individually and/or through their agents, violated Plaintiff's civil rights under the Fourth Amendment of the United States Constitution and 42 U.S.C.A. § 1983 by falsely imprisoning him.

32. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff suffered damages in an amount to be determined at trial.

### COUNT V--- Violation of Civil Rights / False Arrest

33. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

34. Defendants individually and/or through their agents violated Plaintiff's civil rights under the Fourth Amendment of the United States Constitution and 42 U.S.C.A. § 1983 by falsely arresting him.

35. As a result of Defendants' violation of Plaintiff's **civil rights**, Plaintiff suffered damages in an amount to be determined at trial.

WHEREFORE, in respect to all Counts, Plaintiff requests the following relief:

(a) Compensatory damages;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs;

(d) Interest; and

(e) Such further relief as the Court deems just and proper.

Date: 6-30-17

Michael I. McDermott, Esquire
ID No. 52917
1026 Winter Street
Suite 200
Philadelphia, PA 19107
Attorney for Plaintiff,
David Castleberry
(215) 925-9732

EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 05/01/2017
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to appeal from a decision entered by a Judge.

Michael I. McDermott, Esquire
Attorney's ID 52917
1026 Winter Street
Suite 200
Philadelphia, PA 19107
(215) 925-9732
(215) 440-7882
Email: mmcder1188@aol.com

Attorney for Plaintiff
David Castleberry

Filed and Attested by the Office of Judicial Records 28 JUL 2016

---

| | |
|---|---|
| David Castleberry<br>2429 W. Toronto Street<br>Philadelphia, PA 19132<br>    Plaintiff | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY, PA |
| vs. | JULY TERM, 2016 |
| City of Philadelphia – Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and<br>Philadelphia Police Officer<br>Alex J. Kovach, Badge # 634<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and<br>Philadelphia Police Officer<br>Wimsey, Badge # 5352<br>1515 Arch Street<br>Philadelphia, PA 19102<br>    Defendants | No. |

---

### PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly file a Writ of Summons Civil Action in the above-captioned matter.

Respectfully submitted

By: /s/ *Michael I. McDermott, Esquire*
Michael I. McDermott, Esquire
Attorney for Plaintiff

Case ID: 160703194

## VERIFICATION

I, Michael I. McDermott, Esq. hereby state that the statements made in the foregoing Amended Complaint are true and correct to my best knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 6-30-17            By: _____
                              Michael I. McDermott, Esquire

## CERTIFICATE OF NOTICE

And now, this day of June 30, 2017, I, Michael I. McDermott, Esquire Attorney for Plaintiff, hereby certifies that on this date, I served the within Plaintiff's Complaint upon the following person via regular mail and email:

> John J. Coyle, Esquire
> City Solicitor
> Philadelphia Law Department
> Civil Rights Unit
> 1515 Arch Street
> Philadelphia Pa 19102

By: _/s/ Michael I. McDermott_
Michael I. McDermott, Esquire
Attorney for Plaintiff